UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R'MON HOWARD ANDERSON,<br><br>　　　　Petitioner,<br><br>v.<br><br>KATHY ALLISON, WARDEN<br><br>　　　　Respondent. | Case No. 11-CV-2330-LAB-(JMA)<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br>**[DOC. NO. 21]** |

　　　Presently before the court is a Motion for Appointment of Counsel that was filed by Petitioner R'mon Howard Anderson (hereinafter "Petitioner"). [Doc. No. 21.] For the reasons set forth below, the Court denies Petitioner's motion without prejudice.

　　　The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. McCleskey v. Zant, 499 U.S. 467, 495 (1991); Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986). However, financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 may obtain representation whenever the Court "determines that the interests of justice so require.'" 18 U.S.C. § 3006A(a)(2)(B) (West Supp. 1995); Terrovona v. Kincheloe, 912 F.2d 1176, 1181 (9th Cir. 1990); Bashor v. Risley, 730

F.2d 1228, 1234 (9th Cir. 1984); Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994).

The interests of justice require appointment of counsel when the Court conducts an evidentiary hearing on the Petition. Terrovona, 912 F.2d at 1177; Knaubert, 791 F.2d at 728; Abdullah v. Norris, 18 F.3d 571, 573 (8th Cir. 1994); Rule 8©, 28 U.S.C. § 2254. The appointment of counsel is discretionary when no evidentiary hearing is necessary. Terrovona, 912 F.2d at 1177; Knaubert, 791 F.2d at 728; Abdullah, 18 F.3d at 573. Here, there is no current indication that an evidentiary hearing is necessary.

In the Ninth Circuit, "[i]ndigent state prisoners applying for habeas relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." Chaney, 801 F.2d at 1196; Knaubert, 791 F.2d at 728-29. A due process violation may occur in the absence of counsel if the issues involved are too complex for the petitioner. In addition, the appointment of counsel may be necessary if the petitioner has such limited education that he or she is incapable of presenting his or her claims. Hawkins v. Bennett, 423 F.2d 948, 950 (8th Cir. 1970).

Petitioner, who is incarcerated, contends counsel should be appointed on his behalf because: 1) he has limited access to the prison law library, which he estimates he "might make it to... maybe once a month" [Doc. No. 21., p. 3]; and 2) the prison where he is housed has "a strict policy on how much personal property an inmate is allowed to have in his living quarters," so Petitioner is temporarily without access to his trial record [Id., p. 4]. He states that he is "in the process of obtaining access to the record again, but this is a timely process." [Id.] These circumstances do not suggest that appointment of counsel is required to prevent a due process violation. Nor is there any indication that the issues are too complex or that Petitioner is incapable of presenting his claims. Thus, at this time, the Court finds that the interests of justice do not require the appointment of counsel.

//

//

1   Accordingly, Petitioner's Motion for Appointment of Counsel is **DENIED** without
2   prejudice.
3   **IT IS SO ORDERED**
4   DATED: October 9, 2012

Jan M. Adler
U.S. Magistrate Judge