UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R'MON ANDERSON,<br><br>　　　　　Petitioner,<br><br>v.<br><br>KATHY ALLISON, Warden,<br><br>　　　　　Respondent. | Case No. 11-CV-2330-LAB-(JMA)<br><br>**REPORT AND RECOMMENDATION RECOMMENDING GRANTING OF RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS UNTIMELY FILED [Doc. No. 24]** |

### I.　INTRODUCTION

Presently before the Court is a Motion to Dismiss Petition for Writ of Habeas Corpus As Untimely Filed submitted by Respondent Kathy Allison (hereafter "Respondent"). [Doc. No. 24]  For the reasons set forth below, the Court recommends that District Judge Larry Alan Burns grant Respondent's Motion to Dismiss.

### II.　FACTUAL AND PROCEDURAL SUMMARY

On February 9, 2007, Petitioner was convicted of robbery and murder in San Diego County Superior Court.  (Cal. Penal Code §§ 87(a), 211, 212.5.)  Petitioner received a sentence of 128 years in prison, including a sentence of life in prison without parole for counts one and two, and a

consecutive 28 year sentence enhancement for felony murder. [Doc. No. 6, at 1]

Petitioner appealed his conviction and sentence to the California Court of Appeal, alleging: (1) he was not afforded his constitutional right to a representative and impartial jury; (2) the evidence was not sufficient to justify the robbery special circumstance penalty; (3) the special circumstance should be overturned due to prosecutorial misconduct; (4) the trial court erred by allowing the jury to consider evidence of an unrelated shooting; and (5) the trial court erred by admitting an outdated photo of the victim's son into evidence. [Lodgment No. 2] The California Court of Appeal affirmed the San Diego County Superior Court's judgment. [Lodgment No. 5]

Petitioner then appealed his case to the California Supreme Court, raising, in addition to the claims he raised in the Court of Appeal, the following claims: (6) the prosecutor misstated the law of special circumstances; (7) the trial court erred by allowing the jury to consider evidence of unrelated bullet holes in Petitioner's truck; and (8) the trial court erred by not conducting individual interviews of the jurors to determine whether they had knowledge of materials not in evidence. [Lodgment No. 6] The California Supreme Court denied the petition for review on June 9, 2010.[1] [Lodgment No. 8]

Petitioner initiated this federal habeas action on October 7, 2011. [Doc. No. 1] On September 13, 2012, Petitioner filed the Second Amended Petition, which is the operative habeas petition, alleging two claims: (1) the evidence was not sufficient to support the robbery special

//

---

[1] In the Motion to Dismiss, Respondent incorrectly states the California Supreme Court denied the petition for review on July 9, 2010, and calculates the statute of limitations based on this erroneous date. See e.g. Doc. No. 24-1, p. 2, ln. 11 and p. 7, ln. 12.

circumstance penalty; and (2) he was not afforded his constitutional right to a representative and impartial jury. [Doc. No. 19, at 2]

On November 7, 2012, Respondent filed a Motion to Dismiss the Petition for Writ of Habeas Corpus, alleging the Petition was untimely filed. [Doc. No. 24] Petitioner subsequently filed an opposition brief on January 3, 2013. [Doc. No. 30]

### III.  STATUTE OF LIMITATIONS

Petitioner's claims are governed by the Antiterrorism and Effective Death Penalty Act of 1996 (hereafter "AEDPA") which provides a one-year statute of limitations period for prisoners to file petitions for writs of habeas corpus. 28 U.S.C. § 2244(d). In the present case, the statute of limitations period for Petitioner's claims began to run when his judgment of conviction "became final by conclusion of direct review or the expiration of such time seeking such review." *See* 28 U.S.C. § 2244(d)(1)(A). Thus, the judgment became final on September 7, 2010 -- 90 days after the California Supreme Court denied his petition for review. [Lodgment No. 8]; *See Bowen v. Roe*, 188 F.3d 1157, 1159-60 (9th Cir. 1999). Accordingly, the statute of limitations period began the following day, September 8, 2010, and, absent tolling, ended one year later, on September 8, 2011.[2]

Petitioner, however, did not file his Petition for Writ of Habeas Corpus until October 7, 2011. [Doc. No. 1] Therefore, unless he can show he is entitled to tolling, pursuant to 28 USC § 2244(d)(2), his claims are time-barred.

//
//

---

[2] Although Petitioner and Respondent indicate in their filings that the statute of limitations period for Petitioner's claims began on October 7, 2010, the statute of limitations period for these claims actually began on September 8, 2010 (i.e. the day following 90 days after the Supreme Court of California denied Petitioner's appeal on June 9, 2010). [Lodgment 8; Doc. No. 24, at 7; Doc. No. 30, at 3]

## IV. STATUTORY TOLLING

Under AEDPA, the one-year statute of limitations period is tolled for the "time during which a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2). Additionally, "[a]n application for post-conviction review is pending while a California petitioner completes a full round of state collateral review, including during the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, *provided that* the filing of the notice of appeal is timely under state law." *Waldrip v. Hall*, 548 F.3d 729, 724 (9th Cir. 2008) (citations and internal quotations omitted, emphasis in original). Under California law, "[a]s long as the prisoner filed a petition for appellate review within a 'reasonable time,' he could count as 'pending' (and add to the 1-year time limit) the days between (1) the time the lower state court reached an adverse decision, and (2) the day he filed a petition in the higher state court." *Evans v. Chavis*, 546 U.S. 189, 193 (2006) (citing *Carey v. Saffold*, 536 U.S. 214, 222-23 (2002)).

Petitioner, however, has not filed an application for State post-conviction review, or an application for any other collateral review. Therefore, AEDPA will not toll the statute of limitations period for his claims.

## V. EQUITABLE TOLLING

In the Ninth Circuit, equitable tolling is available to prisoners who have filed petitions for writs of habeas corpus. *Espinoza-Matthews v. State of California*, 432 F.3d 1021, 1026 (9th Cir. 2005); *see also Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010) (holding that equitable tolling is available in cases involving petitions for writs of habeas corpus under appropriate circumstances). However, in such situations the petitioner

bears the burden of demonstrating that equitable tolling is appropriate given the facts of his or her case. *Id.* In order to be eligible for equitable tolling, the petitioner must satisfy two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented him from filing his petition within the statute of limitations period. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

In the present case, Petitioner has presented no evidence to suggest that the claims raised in his petition should be subject to equitable tolling. He does not allege that he acted diligently in pursuing his claims during the statute of limitations period, nor does he allege that any "extraordinary circumstance" prevented him from filing his Petition within said period. *Pace*, 544 U.S. at 418. Therefore, equitable tolling is not appropriate in this case.

## VI.   CONCLUSION AND RECOMMENDATION

Because Petitioner did not file his claims within the one-year statute of limitations period, and has not shown that statutory or equitable tolling is appropriate given the facts of his case, the undersigned magistrate judge recommends that Respondent's Motion to Dismiss [Doc. No. 24] be **GRANTED**.

This Report and Recommendation is submitted to the Honorable Larry Alan Burns, United States District Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1).

**IT IS ORDERED** that no later than **July 19, 2013** any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties within **10 days** of being served with the objections.

**IT IS SO ORDERED**

DATED: June 28, 2013

Jan M. Adler
U.S. Magistrate Judge