# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R'MON HOWARD ANDERSON,<br><br>                Plaintiff,<br>vs.<br><br>KATHY ALLISON, warden,<br><br>                Defendant. | CASE NO. 11cv2330-LAB (JMA)<br><br>**ORDER OVERRULING OBJECTIONS TO REPORT AND RECOMMENDATION;**<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION; AND**<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

Petitioner R'mon Anderson, a prisoner in state custody, filed his petition for writ of habeas corpus, which was referred to Magistrate Judge Jan Adler for report and recommendation. Respondent moved to dismiss the petition as time-barred. On June 28, Judge Adler issued his report and recommendation (the "R&R"), which recommended denying the petition as time-barred, although for different reasons than Respondent had advanced. Anderson filed objections to the R&R.

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. Fed. R. Civ. P. 72(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id*.

/ / /

Anderson's sole objection is that this is the first time he has been told his pleadings are untimely. Apparently both Petitioner and Respondent initially said AEDPA's one-year limitations period began to run on October 7, 2010, when in reality it began to run on September 8, 2010. Because Respondent incorrectly identified the date in pleadings, Anderson reasons, he should be excused from knowing it as well. He concedes his petition was filed after the limitations period ended, but argues he is entitled to equitable tolling because his late filing was merely an oversight.

Respondent's error appears to be an ordinary scrivener's error, mistakenly reading the date the California supreme court denied Anderson's petition as July 9 rather than June 9, and basing calculations on that. Anderson argues that if Respondent could get the denial date wrong, he should be excused for mistakenly filing his petition in this Court late, after AEDPA's one-year limitations period had passed. He therefore requests equitable tolling.

This argument fails for several reasons. First, Anderson himself did not make the same error Respondent did; he knew the from the start that state supreme court had denied his petition for review in June rather than July. (*See* Pet. (Docket no. 1) at 2, ¶ 12; Am. Pet (Docket no. 6) at 2, ¶ 12.) He later adopted the erroneous denial date in his own briefing, (*see* Opp'n to Mot. to Dismiss (Docket no. 30) at 3:4–8), but this doesn't change that he was on notice as of June, 2010 that the clock was ticking. Any confusion that Respondent's briefing might have introduced occurred long after the limitations period had already passed, and didn't contribute to the petition's untimeliness.

Second, binding precedent makes clear that a petitioner's miscalculating AEDPA's limitations period is not a basis for equitable tolling. *See Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007) (attorney miscalculation of limitations period does not warrant tolling); *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006)) ("[The pro se habeas petitioner's] inability correctly to calculate the limitations period is not an extraordinary circumstance warranting equitable tolling.")

Anderson also hasn't shown he was diligent or that extraordinary circumstances prevented him from filing his petition in this Court within the limitations period. *See Holland*

*v. Florida,* 130 S.Ct. 2549, 2563–64 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 412 (2005)) (habeas petitioner is entitled to equitable tolling "only if" he shows he has been pursuing his rights diligently but some extraordinary circumstance prevented his timely filing of the petition). *See also Ford v. Gonzalez*, 683 F.3d 1230, 1237 (9th Cir. 2012) ("Under our cases, equitable tolling is available for this reason only when extraordinary circumstances beyond a prisoner's control make it *impossible* to file a petition on time and the extraordinary circumstances were the cause of [the prisoner's] untimeliness.") Here, Anderson, he merely agues he didn't know what the deadline was. This clearly was not a factor beyond his control, nor did it make timely filing of a petition impossible.

The Court is not prevented from correcting Respondent's misstatement of the date the California supreme court's decision, or its calculation of the date Anderson's conviction became final. *See Day v. McDonough*, 547 U.S. 198, 207–09 (2006); *see especially id.* at 209–10 ("We stress that a district court is not required to doublecheck the State's math . . . . Nevertheless, if a judge does detect a clear computation error, no Rule, statute, or constitutional provision commands the judge to suppress that knowledge.") Although the motion to dismiss rested mainly on a different analysis of timeliness, the R&R does not err by pointing out the computational error and recommending denial of the petition on that basis. The Court does note, however, that the motion to dismiss addressed the tolling issue, and Anderson had a chance to address that.

The Court therefore **OVERRULES** Anderson's objections to the R&R, and **ADOPTS** the R&R. The petition is **DENIED** and a certificate of appealability is also **DENIED**.

**IT IS SO ORDERED**.

DATED: July 26, 2013

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge